UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**STRIKE 3 HOLDINGS, LLC,**

    Plaintiff,

v.                                                   Case No: 8:24-cv-00470-MSS-AAS

**JOHN DOE subscriber assigned IP
address 173.171.238.96, an individual,**

    Defendant.

## ORDER

**THIS CAUSE** comes before the Court for consideration of Defendant John Doe's Objection to United States Magistrate Judge Sansone's Order Granting Leave to Serve a Third-Party Subpoena, (Dkt. 9), and Plaintiff's response thereto. (Dkt. 10) Upon consideration of all relevant filings, case law, and being otherwise fully advised, the Court **ORDERS** as follows.

Under the Federal Rules of Civil Procedure, any party may serve a subpoena commanding a non-party to attend and give testimony or to produce and permit inspection and copying of documents. Fed. R. Civ. P. 45(a)(1). A person commanded to produce documents or other discovery-related items may serve a written objection to the command on the party or the attorney designated in the subpoena. Id. at 45(d)(2)(B). However, the Federal Rules do not permit a person other than the person subject to the subpoena to object to the discovery. Rather, a person "affected by a

subpoena" may move to quash or modify a subpoena. Id. at 45(d)(3)(B); see also United States ex rel. Ortiz v. Mount Sinai Hosp., 169 F. Supp. 3d 538, 544 (S.D.N.Y. 2015) ("[W]hile nothing in Rule 45 prevents a party from serving objections to a non-party subpoena, such objections, standing alone, have no effect on the non-party's obligation to respond to the subpoena.").

Here, Defendant is not subject to the subpoena to which he objects; he is a person "affected by" the subpoena. Consequently, Defendant's Objection has no effect on the non-party's obligation to respond to the subpoena. See id. Moreover, if the Court were to construe Defendant's objection as a motion to quash, Defendant provides no basis for the request. For this reason, the Court may not grant relief.

Additionally, Defendant's objection to the discovery of his identity has largely been mooted by Defendant's voluntary, albeit perhaps inadvertent, inclusion of his name and address in the Objection. In Plaintiff's response, Plaintiff proposes this Court seal the Objection to allowed Defendant to appear pseudonymously as "John Doe" unless and until the Court orders otherwise.

Accordingly, it is hereby **ORDERED**:

1. Defendant's Objection to Judge Sansone's Order Granting Leave to Serve a Third-Party Subpoena, (Dkt. 9), is **OVERRULED**. Deadlines for service will be set forth in a separate order.

2. Plaintiff's request that the Objection be sealed is **GRANTED**. The Clerk is **DIRECTED** to **SEAL** the contents of the Objection, (Dkt. 9), to permit

Defendant to appear pseudonymously for the remainder of these proceedings.

**DONE and ORDERED** in Tampa, Florida this 24th day of May 2024.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Party

3